**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2345

THOMAS W. GRESHAM,

Plaintiff - Appellant,

versus

LUMBERMEN'S MUTUAL CASUALTY COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-03-2243-01-JFM)

Submitted: March 6, 2006                 Decided: March 24, 2006

Before WILKINS, Chief Judge, and WIDENER and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis J. Collins, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellant. Jessica R. Hughes, Thomas J. Piskorski, SEYFARTH SHAW, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas W. Gresham appeals an order of the district court granting summary judgment to Kemper Casualty Company (Kemper)[*] on Gresham's claim under the Maryland Wage Payment and Collection Law (the "Wage Payment Act"), see Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509 (LexisNexis 1999 & Supp. 2005). We affirm.

I.

The facts are set forth fully in our previous opinion, see Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 256-57 (4th Cir. 2005), and need be only briefly summarized here. Gresham was hired by Kemper to help develop a line of professional liability insurance. His compensation package included a severance benefit payable upon "terminat[ion] without cause." J.A. 7. Gresham subsequently accepted an offer of employment from The St. Paul Insurance Companies after that company purchased the professional liability line from Kemper.

Gresham thereafter sought payment of the severance benefit, which Kemper refused on the basis of Gresham's "continued employment." Id. at 34. Gresham subsequently filed this action

---

[*]Kemper is a subsidiary of Lumbermen's Mutual Casualty Company, the named defendant in this action. Although "Lumbermen's" has been spelled a variety of ways during the course of this litigation, we use the spelling adopted in our prior opinion. See Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253 (4th Cir. 2005).

claiming breach of contract and violation of the Wage Payment Act. A third count alleged an alternative claim for violation of the Employee Retirement Income Security Act of 1974 (ERISA), see 29 U.S.C.A. § 1132(a)(1)(B) (West 1999), in the event the district court determined that the employment agreement between Gresham and Kemper constituted an "employee welfare benefit plan" within the meaning of ERISA, see 29 U.S.C.A. § 1002(1) (West 1999). The district court granted summary judgment to Kemper, reasoning that Kemper had terminated Gresham "for cause" under the terms of his employment agreement because "a corporate executive cannot be simultaneously performing effective services to two different companies at the same time." J.A. 218.

We reversed based on the rule that "an employee is 'terminated' for purposes of a severance agreement when his employer sells the business in which the employee works." Gresham, 404 F.3d at 262. In the course of reaching this conclusion, we determined that Gresham's claims were not preempted by ERISA, despite arguably contrary dictum in Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (en banc). See Gresham, 404 F.3d at 257-59. We remanded Gresham's claim under the Wage Payment Act for further proceedings. See id. at 263 n.6.

3

II.

The Wage Payment Act authorizes an award of up to treble damages, plus attorney's fees and costs, if the failure to pay is not the result of a "bona fide dispute."  Md. Code Ann., Lab. & Empl. § 3-507.1(b); <u>see</u> <u>Admiral Mortgage, Inc. v. Cooper</u>, 745 A.2d 1026, 1030 (Md. 2000).  The parties agree that the test for whether a dispute is bona fide is an objective one.

Having reviewed the parties' submissions, the decision of the district court, and the applicable law, we affirm on the reasoning of the district court.  <u>See</u> <u>Gresham v. Lumberman's Mut. Cas. Co.</u>, 2005 WL 3020121, at *3-*6 (D. Md. Nov. 10, 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

<u>AFFIRMED</u>